## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MICHAEL T. ROTH               \*    CASE NO.
1260 Fulton Road, NW
Canton, Ohio 44703           \*    JUDGE

      Plaintiff,            \*

                                 **VERIFIED COMPLAINT**
v.                           \*    **CIVIL RIGHTS ACTION**
                                \*    **(42 U.S.C. § 1983)**
CITY OF CANTON POLICE DEPARTMENT   \*    **DECLARATORY RELIEF,**
221 Third Street, SW,                     **PRELIMINARY INJUNCTION AND**
Canton, Ohio 44702            \*    **TEMPORARY RESTRAINING ORDER**

and                              \*    **JURY DEMAND ENDORSED HEREON**

CITY OF CANTON, OHIO         \*    **PRAECIPE FOR SERVICE**
218 Cleveland Avenue, SE
Canton, Ohio 44702            \*    **CLASS ACTION**

and                              \*

SHIRLEY MOORE              \*
In her official and individual capacity
c/o The City of Canton Police Department   \*
221 Third Street, SW
Canton, Ohio 44702            \*

And                             \*

RICHARD KINLOW            \*
In his official and individual capacity
c/o The City of Canton Police Department   \*
221 Third Street, SW
Canton, Ohio 44702            \*

and                              \*

JOSHUA H. COATES           \*
In his official and individual capacity
c/o The City of Canton Police Department   \*
221 Third Street, SW
Canton, Ohio 44702            \*

and                                          *

LESTER MARINO                                *
In his official and individual capacity
c/o The City of Canton Police Department     *
221 Third Street, SW
Canton, Ohio 44702                           *

and                                          *

J. SOLLY                                     *
In his official and individual capacity
c/o The City of Canton Police Department     *
221 Third Street, SW
Canton, Ohio 44702                           *

and                                          *

JOHN DOE POLICE OFFICERS                     *
In their official and individual capacity
c/o The City of Canton Police Department     *
221 Third Street, SW
Canton, Ohio 44702                           *

and                                          *

JOHN DOE POLICE SUPERVISORS                  *
In their official and individual capacity
c/o The City of Canton Police Department     *
221 Third Street, SW
Canton, Ohio 44702                           *

     Defendants.                             *

For his Verified Complaint for 42 U. S. C. § 1983, and Declaratory and Injunctive Relief,

Plaintiffs MICHAEL T. ROTH states and allege as follows:


## INTRODUCTION

Plaintiff brings this action to prevent the enforcement of the City of Canton Ordinance

505.15.  The law criminalizes the ownership, harboring, keeping or possession of more than five

animals (dogs or cats) by a person who lives in the City of Canton.  Plaintiff asks this Court for injunctive relieve to preserve his constitutional rights.  There is an imminent and credible threat of prosecution as applied to Plaintiff.

Plaintiff, Michael T. Roth, is a resident of the City of Canton, Stark County, Ohio, and bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, against Defendant the City of Canton Police Department, the City of Canton, and in their individual and official capacities, Police Officers J. Solly, Lestor Marino, Joshua Coates, Richard Kinlow, and City of Canton License Technician, Susan Moore, individually and on behalf of classes of all other similarly situated, who were investigated, and/or charged, and/or prosecuted with purported violations of City of Canton Ordinance, No. 505.15 "KEEPING IN EXCESS OF FIVE DOGS OR CATS; PERMIT AND REGULATIONS."

City of Canton Ordinance 505.15 states,

**505.15 KEEPING IN EXCESS OF FIVE DOGS OR CATS; PERMIT AND REGULATIONS.**

(a)      No person shall be permitted to own, possess, harbor or keep more than five dogs or cats or any combination thereof in an area zoned residential except that where litters have been  born to a residing animal, after they have been weaned, a four-month grace period shall be granted to permit the distribution of such young animals.

* * *

(e) Any person who violates any provision of this section shall be guilty of a misdemeanor of the third degree.

(Ord. 226-2000. Passed 10-23-00.).

City of Canton Ordinance No. 505.15 is unconstitutional as applied to Plaintiff.  The Ordinance clearly permits a person to own five dogs or cats (or a combination thereof) in the City of Canton.  The Defendants however, are enforcing the ordinance, instituting criminal

proceedings, and prosecuting persons, for possession, keeping, owning or harboring more than five dogs or cats despite the fact that other persons in the household also owns, harbors, possesses or keeps some or all of the same dogs and cats owned by the prosecuted person.

An actual and real controversy has arisen and now exists between Plaintiff and Defendants relative to their respective rights and duties. Plaintiff contends that the ordinance is invalid and unenforceable, as it is being applied to the facts where a person lives in a house with more than one person and the total number of dogs and cats exceeds five, and another person owns, harbors, keeps or possesses some of the same dogs. Defendants dispute these contentions and contend that the ordinance and its application to plaintiff's described activity are valid. On January 11, 2017 the Prosecutor informed Attorney Michela Huth that her interpretation of the Ordinance mandates a 5 animal limit PER HOUSEHOLD, not per person.

Plaintiff desires a declaration, as to the validity of the City of Canton Ordinance 505.15, as applied to Plaintiff's activities. A judicial declaration is necessary and appropriate at this time so that the Court may ascertain Plaintiff's rights and duties without first subjecting him to liability (criminal charges and prosecution) by violating the ordinance. Unless granted the relief sought in this Complaint, Plaintiff will suffer irreparable injury by the enforcement of the City of Canton Ordinance 505.15, for which Plaintiff has not legal remedy. A real controversy exists between Plaintiff and Defendants regarding their respective rights and duties under the provisions of City of Canton Ordinance 505.15 as applied to Plaintiff's property.

Plaintiff owns two dogs and two cats. His mother, Julie Roth, lives with him, and she owns five dogs. Plaintiff is an Iraqi veteran with a multiplicity of ribbons and awards pertaining to his service to this Country. The United States Veterans Administration pays the rent on the house that Plaintiff and his mother, Julie live in. Julie Roth is to be criminally tried this Tuesday,

February 8, 2016 at 8:00 a.m. for purported violations of the City of Canton's animal limit law, 505.15.  There is a high probability that if Ms. Roth is found guilty on Tuesday, she will be required to reduce the total number of dogs and cats at her and Michael's residence, to the number permitted by the Ordinance as interpreted by the State.  This probable scenario jeopardizes Plaintiff's property (his two dogs and two cats), because either Julie Roth's or Michael's animals will have to be disposed of in some form or manner, in order to meet the 5-animal limit law mandate.

The probability that Plaintiff will be next-in-line for prosecution is high, as the State has not disavowed its intention to proceed to trial in Ms. Roth's case, and has expressed its position that the law applies per household, not per person.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 United States Code, Sections 1331, 1343, and 1367 and 42 United States Code, Sections 1983 and 1988.

2.      This action is also brought in accordance with 28 United States Code, Sections 2201 and 2202 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      This Court has original jurisdiction over Pastor Joiner's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Pastor Joiner's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has supplemental jurisdiction of the state claims presented pursuant to 28 United States Code Section 1367 because the state court claims are so related to claims in this action of which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution

5.    This Court is authorized to grant Michael Roth's prayer for relief regarding costs,

including reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988, to grant

declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented

through Fed. R. Civ. P. 57, and to issue preliminary and permanent injunctive relief pursuant to

Fed. R. Civ. P. 65.

6.    Venue is proper with this Court pursuant to 28 United States Code Section 1391(b)

because it is a judicial district where a defendant resides, and a judicial district in which a

substantial part of the events giving rise to the claim occurred.

## PARTIES

7.    Michael T. Roth, at all times relevant herein, was a resident of Stark County and the City

of Canton, Ohio and his mother, Julie Roth lives in the house he rents at 1260 Fulton Road, NW,

Canton, Ohio 44703.

8.    The Canton City Police Department is a department of the City of Canton, Ohio, located

within Stark County, Ohio and is under direct control of the Canton Municipal Government.

9.    Canton City Police Officers Richard Kinlow, Joshua H. Coates, Lester Marino, J. Solly,

and other, so far unidentified police officers, were, at all relevant times, employed by the City of

Canton in the capacity of law enforcement officers with the duties and responsibilities of

enforcing the laws of the State of Ohio, City of Canton, as well as protecting the rights of

citizens guaranteed under the Constitution of the United States and the State of Ohio.

10.    Defendant J. Solly was the Peace Officer authorized to Administer Oath on the criminal

complaint against Plaintiff's mother, Julie Roth.

11.    Defendant Lester Marino was the Reviewing Supervisor for the September 22, 2016

Incident/Offense Report, which claimed that Officer Kinlow observed 7 dogs and 2 cats in

6

Michael Roth's yard, and is employed by the City of Canton in the capacity of a police officer with the duties and responsibilities of enforcing the laws of the State of Ohio, City of Canton, as well as protecting the rights of citizens guaranteed under the Constitution of the United States and the State of Ohio.

12.     Defendant Kinlow was the Officer who purportedly observed 7 dogs and 2 cats in Plaintiff's yard, and was the Complainant on the Julie Roth Criminal Complaint filed in the Municipal Court of Canton, Stark County, Ohio.  Case No. 2016 CRB04547.

13.     Defendant Coates is the officer who purported to warn Plaintiff's mother about the 7 dogs and 2 cats.

14.     Shirley Moore, was, at all relevant times, employed by the City of Canton in the capacity of a license technician with the duties and responsibilities of enforcing the laws of the State of Ohio, City of Canton, as well as protecting the rights of citizens guaranteed under the Constitution of the United States and the State of Ohio.

15.     Canton City Police Supervisors, who are so far unidentified, were, during all relevant times, employed by the City of Canton in the capacity of law enforcement officers, with the additional responsibilities of assigning the duties of police officers, supervising, monitoring and training police officers, and investigating complaints against police officers.

16.     As a foreseeable, direct and proximate cause and result of the conduct complained of herein, Plaintiff sustained emotional trauma and anxiety, humiliation, embarrassment, medical expenses, legal expenses, and other damages not yet determined as of the time of filing of this complaint which may reasonably be expected to continue into the future.

## FACTUAL BACKGROUND

### Statutory Overview

17.     On August 12, 1985 the City of Canton enacted an ordinance entitled, "505.15 Keeping in Excess of Five Dog or Cats; Permit and Regulations."[1]

18.     This ordinance, has since its enactment been, and now is, in full force and effect and is enforced by Defendants.

19.     City of Canton Ordinance 505.15 states,

**505.15 KEEPING IN EXCESS OF FIVE DOGS OR CATS; PERMIT AND REGULATIONS.**

(a)     No person shall be permitted to own, possess, harbor or keep more than five dogs or cats or any combination thereof in an area zoned residential except that where litters have been  born to a residing animal, after they have been weaned, a four-month grace period shall be granted to permit the distribution of such young animals.

* * *

(e) Any person who violates any provision of this section shall be guilty of a misdemeanor of the third degree.

(Ord. 226-2000. Passed 10-23-00.).

20.     City of Canton Ordinance 501.99 provides the penalties for misdemeanors of the third degree: financial sanctions, including but not limited to fines of not more than $500.00, reimbursement of costs of sanctions, and jail term of not more than sixty days.[2]

21.     City of Canton Ordinance No. 501.01 Definitions, states,

"Subject to subsection (o)(2) hereof, as used in any section contained in Part Five - General Offenses Code that sets forth a criminal offense, "person" includes all of the following:
1. An individual, corporation, business trust, estate, trust, partnership, and association;

---

[1] A copy of the Ordinance is attached as Exhibit A.  All exhibits are incorporated by reference.
[2] Ex. B.

2.  An unborn human who is viable.[3]

**Plaintiff's Mother is Being Prosecuted for**
**Purported Violation of City of Canton Ordinance 505.15**

22.  On March 11, 2015, the City of Canton Police Department License Technician, S. Moore

served a warning upon Julie Roth, Plaintiff's mother.[4]

23.  That warning stated in relevant part,

CITY ORDINANCE CHAPTER 505 STATES THAT NO PERSON IN A
RESIDENTIAL ZONED AREA CAN OWN, POSSESS, HARBOR OR KEEP
MORE THAN 5 ANIMALS PER HOUSEHOLD.

IT HAS COME TO MY ATTENTION BY OFFICERS OF THIS POLICE
DEPARTMENT THAT YOUR RESIDENCE HAS APPROX **7 CATS & 4 OR 5
DOGS**[5] RESIDING THERE.  ANYONE VIOLATING SECTION 505.19 [SIC]
IS GUILTY OF A 3RD DEGREE MISDEMEANOR.

* * *

IF, UPON A FUTURE INSPECTION, THIS ISSUE HASN'T BEEN
ADDRESSED, THEN NECESSARY LEGAL ACITON WILL BE TAKEN.[6]

24.  On September 22, 2016 the City of Canton Police Department, by and through Police

Officer Defendant Kinlow, served a summons upon Plaintiff's mother, Julie Roth, for purported

violation of the City of Canton Ordinance 505.15.

25.  Upon information and belief, the Summons was served upon Julie Roth at her and

Plaintiff's residence.

26.  The City of Canton Incident/Offense Report dated September 22, 2015 indicates Lester

Marino was the "Reviewing Supervisor" of the Report.[7]

---

[3] Ex. C.
[4] Ex. D.
[5] Emphasis in original.
[6] Ex. D.  (emphasis in original).
[7] Ex. E.

27.     On September 25, 2015 A criminal complaint was filed against Plaintiff's mother, Julie Roth, in the Municipal Court of Canton, Stark County, Ohio, charging her with a violation of the City of Canton Ordinance 505.15, Keeping in Excess of Five Dogs or Cats.[8]

28.     The Complaint also states, "OFFICER DID OBSERVE 7 DOGS AND 2 CATS IN THE FENCED IN PORTION OF THE DEFENDANT'S FRONT AND SIDE YARD AT 1260 FULTON ROAD NW.  DEFENDANT HAD BEEN WARNED ON MARCH OF 2016 BY OFFICER COATS."[9]

29.     City of Canton Police Officer Richard Kinlow was the "Complainant."[10]

30.     Julie Roth, Plaintiff's mother, is scheduled for Criminal Trial on February 8, 2017 at 8:00 a.m. for the alleged violation of City of Canton Ordinance, No. 505.15.[11]

31.     She will be tried in the Canton Municipal Court, Case No. 2016 CRB 04547.

**Animals in the Residence of Plaintiff and His Mother, Julie Roth**

32.     Seven dogs and two cats live in the residence where Plaintiff and his mother, Julie Roth, live.

33.     Plaintiff's mother, Julie Roth owns five dogs: Mia, Lola, Bella, Precious, and Bodacious.

34.     Plaintiff, Michael T. Roth owns four animals: 1) two dogs, Ozzie and Sister; and 2) two cats, Bullet and Grizzly.

35.     Julie Roth and Michael T. Roth at all times relevant herein, reside in the same house in Canton, Ohio, at 1260 Fulton Road, NW, Canton, Ohio 44703.

36.     The United States Veterans Administration pays the rent on behalf of Plaintiff.

_____

[8] Ex. F.
[9] Id.
[10] Id. [emphasis in original].
[11] Ex. G (Docket of Julie Roth's Criminal Case).

**Class Allegations**

37.     Plaintiffs bring these claims pursuant to F.R.C.P. 23 individually and on behalf of other City of Canton residents and property owners:

>   **Class I**:  Those residents and property owners who were criminally charged for purported violations of City of Canton Ordinance 505.15.

>   **Class II**:  Those residents and property owners whose dogs or cats were taken from them as a result of purported violations of City of Canton Ordinance 505.15.

>   **Class III**:  Those residents and property owners who were convicted of purported violations of City of Canton Ordinance 505.15.

>   **Class IV**:  Those residents and property owners who received a letter or warning from the City of Canton pertaining to purported violations of City of Canton Ordinance 505.15.

38.     Each class is sufficiently numerous, as the Defendants, upon information and belief, have issued a warning to other residents regarding Ordinance 505.15 and charged and prosecuted other residents under the same facts as set forth in this case.  Thus, joinder of such persons in a single action or brining all members of each class before the Court individually is impracticable for the purposes of Rule 23(a)(1) of the Federal Rules of Civil Procedure.  The disposition of the class members' claims in this class action will substantially benefit both the parties and the Court.

39.     The classes are readily ascertainable through the Records of the City of Canton and the City of Canton Police Department.  Notice to class members can be made by mailing directly to the addresses on record with the City of Canton.

40.     There are questions of law and fact common to each class for purposes of Federal Rule of Civil Procedure 23(a)(2).  All members of each class were and are similarly affected in that they were notified of their purported violation of Ordinance No. 505.15, all members either received a summons and/or got-rid-of their dogs or cats under threat of criminal prosecution in the form of a summons and a mandatory appearance in the City of Canton Municipal Court, and all members incurred or will incur potential jail time, monetary fines, and a criminal record.  The relief sought herein will benefit the Plaintiff and the members of the classes.

41.     Plaintiffs asserts that their claims are typical for each class for the purposes of Federal Rule of Civil Procedure 23(a)(3) in that all are based on the unconstitutional enforcement of the City of Canton Ordinance 505.15.

42.     Plaintiff will fairly and accurately represent and protect the interest of each class for the purposes of Federal Rule of Civil Procedure 23(a)(4).  Plaintiffs have no interest antagonistic to other class members.  They are committed to the vigorous prosecution of this action and have retained counsel experienced in litigation and class actions to represent them.  Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

43.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact substantially predominate over questions that may affect individual members of the class.

44.     Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the claims. Because of the nature of the individual class members' claims, few, if any, could or would afford to seek legal redress against the Defendants.  A representative class action is therefore appropriate, the superior method of proceeding and is essential to the interests of justice insofar

as the resolution of the class members' are concerned. Even is separate actions could be brought by individual members of the Class, the resulting multiplicity of lawsuits would cause undue hardship, burden and expense for the Court and the litigants, as well as create a risk of inconsistent rulings which might be dispositive of the interests of the other Class members who are not parties to the adjudications and/or may substantially impede their ability to protect their interests.

## CLAIMS FOR RELIEF

### Injunctive Relief

39.     City of Canton Ordinance 505.15 violates the United States Constitution and the Constitution of Ohio in that the Ordinance on its face sets an animal limit for a person.

40.     The Defendants however, have applied the Ordinance in a manner which bars ownership, harboring, keeping, or possessing of more than five dogs or cats per household, rather than per person.

41.     If not enjoined by this Court, Defendants and their agents, representatives, and employees will continue to implement the provisions of the challenged law, and other similar policies and practices, that deny Plaintiff his constitutional rights without due process.

42.     In particular, the Defendants' enforcement policies will deprive Plaintiff of the opportunity to own property permitted by the law, but denied by the Defendants' application of the law.

43.     The Defendants' enforcement policies will also subject Plaintiff to unlawful criminal charges and prosecution.

44.     This course of conduct has caused, and will continue to cause, Plaintiff to suffer real and immediate threat of irreparable injury, as a result of the existence, operation, enforcement, and threat of enforcement of the Ordinance.

45.     Immediate irreparable injury includes but is not limited to, loss of property, companionship, support, freedom, financial loss, and emotional injury.

46.     Defendants are acting and threatening to act under color of state law to deprive Plaintiffs of their constitutional rights.

47.     Plaintiff has no plain, speedy, and adequate remedy at law for such an injury.

48.     The challenged law violates the Due Process of the Fourteenth Amendment and 42 U.S.C. § 1983 as well as the Constitution of Ohio.

49.     Accordingly, injunctive relief pursuant to 42 U.S.C. § 1983 and other authority is appropriate.

**Declaratory Relief**

50.     Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

51.     An actual and immediate controversy exists between Plaintiffs and Defendants as to their respective legal rights and duties.

52.     Plaintiffs contend that the challenged Ordinance is unconstitutional as applied to Plaintiff.

53.     The challenged law violates the Due Process of the Fourteenth Amendment and 42 U.S.C. § 1983 as well as the Constitution of Ohio.

54.     Defendants believe the Ordinance is constitutional.

55.     Plaintiffs are therefore entitled to a declaration of rights with respect to this controversy.

56.     Without such a declaration, Plaintiffs will be uncertain of their rights and responsibilities under the law.

57.     Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.


## FIRST CAUSE OF ACTION

### Violation of Federal Constitutional Rights (42 U.S.C. § 1983)
### Fourteenth Amendment

45.     Plaintiffs repeat and reallege the allegations stated above in the Complaint.

46.     The Fourteenth Amendment to the United States Constitution precludes any State from depriving any person of life, liberty, or property, without the due process of law.

47.     The acts of the Defendants in enforcing City of Canton Ordinance 505.15 are actions taken under color of state law.

48.     Defendants, acting under color of state law, are depriving Plaintiffs of their rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983

49.     The Ordinance, as applied, violated the due process rights of Plaintiffs in violation of the Fourteenth Amendment to the United States Constitution and unconstitutionally deprived them of their freedom and property.

50.     The acts of the Defendants in enforcing and threatening to enforce the Ordinance, deprived Plaintiff of his property in violation of the Fourteenth Amendment to the United States Constitution.

51.     The acts of the Defendants impermissibly risks the violation of Plaintiffs' substantive and procedural due process rights by applying the City of Canton Ordinance 505.15 contrary to its

written terms by rendering unlawful the owning of dogs and cats in the City of Canton through a mechanism which counts all of the dogs and cats at a residence in the City of Canton in the equation, despite the fact that multiple persons live in the household and multiple persons own dogs and cats.

52.    The Ordinance is unconstitutionally vague as applied, because it fails to adequately advise, notify, or inform persons subject to prosecution under the Ordinance that it is the total number of dogs or cats in the house which are counted in the five dog/cat limit, rather than how many dogs/cats each person in the household owns, harbors, keeps or possesses.

53.    The Ordinance violates Plaintiffs' substantive and procedural due process rights on its as applied in violation of the Fourteenth Amendment to the United States Constitution.

54.    Wherefore, Plaintiffs pray that the Court grant the relief set forth below in the prayer for relief.

## SECOND CAUSE OF ACTION

### Violation of Federal Constitutional Rights (42 U.S.C. § 1983)
### Fourth Amendment

55.    Plaintiffs repeat and reallege the allegations stated above in the Complaint.

56.    The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

57.    The impending prosecution of Plaintiff, and threatened seizure of his property, by Defendants, constitutes an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

58.     Defendants and their employees and agents violated Plaintiff's right to be free from unlawful prosecution and secure in their persons and property.

59.     Defendants' unlawful actions were done with the specific intent to deprive Plaintiff of his constitutional rights to be secure in their persons and property.

60.     Plaintiffs are informed and believe that the acts of the Defendant and their employees and agents were intentional in failing to protect and preserve Plaintiffs' person and property and that, at minimum, Defendants were deliberately indifferent to the likely consequence that the persons and property would be seized and destroyed unlawfully, based on the past circumstances of similar constitutional and statutory violations of the law.

61.     The threatened prosecution of Plaintiff by Defendant's agents is being conducted pursuant to a policy, practice, or custom that violates the Fourth Amendment to the United States Constitution.

62.     As a direct and proximate consequence of these unlawful acts, Plaintiffs have suffered and continue to suffer loss of their personal property and are entitled to compensatory damages for their property personal injury.

### THIRD CAUSE OF ACTION

#### Monell Claim

63.     Plaintiffs repeat and reallege the allegations stated above in the Complaint.

64.     At all relevant times herein, Defendant City of Canton and City of Canton Police Department, acting through the individual defendants, developed, implement, enforced, encourage and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused violation of such rights.

65.     Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiff of his conditional rights under the Fourteenth Amendment to the U.S. Constitution and the Ohio Constitution.

66.     Defendant City of Canton and City of Canton Police Department maintain a municipal policy and/or custom of deliberate indifference to the rights of the citizens and was part of a pattern of unconstitutional violations by Defendants.

67.     Defendant Police Supervisors and Canton City Policymakers and unknown supervisors, knew, or should have known, that the Defendants would confront situations such as the events which form the basis of the actions herein stated.

68.     The failure to provide the police officers and the license technicians with proper and adequate training failed to furnish these individuals with proper knowledge to make proper and informed decisions which resulted in the deprivation of Plaintiff's constitutional rights.

69.     Defendant City of Canton and City of Canton Police Department pursued an official policy and/or custom of failing to provide adequate training, monitoring, and supervision of their police officers and license technicians in the performance of their duties and the protection of the constitutional rights of the citizens.

70.     Defendant City of Canton and City of Canton Police Department failed to provide adequate training, monitoring, and supervision of its police officers and license technicians, in the performance of their duties and to ensure the constitutional protections of citizens who come in contact with the City of Canton and the City of Canton Police Department.

71.     Defendant City of Canton's and City of Canton Police Department's failure to provide adequate training, monitoring, and supervision of its police officers and license technicians resulted in a deprivation of clearly established constitutional protections for citizens in the City

of Canton. Defendant City of Canton, City of Canton Police Department, City of Canton Police Supervisors and Canton City Policymakers knew, or should have known, that the Police Officers and the License Technician named herein were acting in such a way as to violate the constitutional rights of citizens they encounter while performing their duties, and were aware of such constitutional violations, or should have been aware of such constitutional violations, had other similar incidents been properly investigated.

72.     Defendant City of Canton, City of Canton Police Department, City of Canton Police Supervisors and Canton City Policymakers maintains a municipal policy and/or custom of deliberate indifference to the rights of the citizens with whom the Police and License Technicians come into contact and was part of a pattern of constitutional violations by failing to properly investigate allegations of police and technician misconduct and properly discipline police officers and technicians who commit acts of misconduct.

73.     Defendant City of Canton, City of Canton Police Department, City of Canton Police Supervisors and Canton City Policymakers pursued an official policy and/or custom of a falling to investigate and discipline their police officers and license technicians in the performance of their duties and their actions violated the constitutional rights of the citizens.

74.     Defendant City of Canton, City of Canton Police Department, City of Canton Police Supervisors and Canton City Policymakers failed to provide adequate training, monitoring, and/or supervision of the Canton Police Officers and License Technicians in the performance of their duties and to ensure the constitutional protections of citizens who come in contact with Canton Police Officers.

75.     Defendant City of Canton, City of Canton Police Department, City of Canton Police Supervisors and Canton City Policymakers' failure to provide adequate training, monitoring, and

supervision of its police officers resulted in deprivation of clearly established constitutional protects for citizens who would come in contact with Canton Police Officers and License Technicians.

76.     Canton Police Officers and License Technicians on the scene at the time of the issuance of the summons, and at all times prior to the issuance of the summons and the complaint, had a legal duty and ample opportunity to intervene and prevent the institution of the criminal process against Julie Roth.

77.     The failure of said police officers and license technicians to intervene was part of the pattern, practice, and custom on behalf of the City of Canton and the City of Canton Police Department to not intervene or report such incidents, but remain quiet to maintain silence and tacit acknowledgment and approval of such actions.

78.     The failure of said police officer and license technicians to intervene or report such illegal, unlawful and improper activities subjects Officers and Technicians to liability for the harm suffered by the Plaintiff due to the conduct of Defendants Moore, Kinlow, Coates, Casto, and Marino.

79.     The constitutional abuse and violations by Defendant City of Canton and City of Canton Police Department through its actions of the individual Defendants set forth in the caption of this Complaint, were and are directly and proximately caused by policies, practices, and/or customs developed, implemented, enforced, encourages and sanctioned by Defendant City of Canton and City of Canton Police Department, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers, agents and license technicians; (b) to properly and adequately monitor and discipline its officers, including Defendants, and (c) to

adequately and properly investigate citizen complaints of police and license technician

misconduct, and instead, acts of misconduct were tolerated by City of Canton and City of Canton

Police Department.

80.     Upon information and belief, Defendants City of Canton and City of Canton Police

Department, acting through its police and license technician defendants developed, implemented,

enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully

interfering with and/or prosecution without reasonable supplication or probable cause,

individuals who have a property interest in their animals.

81.     Defendants' unlawful actions were done willfully, knowingly and with the specific intent

to deprive Plaintiff of his constitutional rights under the Fourteenth Amendment to the U.S.

Constitution.

82.     Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff.

As a direct and proximate result of the acts as stated herein by each of the Defendants, the

Plaintiff's conditional rights have been violated which has caused him to suffer physical, mental,

and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his

constitutional rights unless Defendants are enjoined form continuing their unlawful policies,

practices, and/or customs which have directly and proximately caused such constitutional abuses.


### FOURTH CAUSE OF ACTION

### Violation of Article I, Section 16 of the Ohio Constitution

42.     Plaintiff repeats and realleges the allegations stated above in the Complaint.

43.    The acts of the Defendants in enforcing City of Canton Ordinance No. 505.15 were actions taken under color of state law.

44.    The Ordinance, as applied to the facts of this case, violated the due process rights of Plaintiff in violation of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution.

45.    The acts of the Defendants in enforcing or threatening to enforce the Ordinance deprives Plaintiff of his property in violation of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution.

83.    Wherefore, Plaintiffs pray that the Court grant the relief set forth below in the prayer for relief.

**FIFTH CAUSE OF ACTION**

**Attorney Fees - 42 U.S.C. § 1988**

46.    Plaintiff repeats and realleges the allegations stated above in the Complaint.

47.    Pursuant to 42 U.S.C. § 1988, Plaintiff seeks attorney fees.


**WHEREFORE**, Plaintiff, Michael T. Roth, individually and on behalf of others similarly situation seek:

    a.    Compensatory damages, including interest;

    b.    An Order enjoining and restraining the Defendants from enforcing the City of Canton Ordinance No. 505.15;

    c.    An Order declaring the Ordinance violates the U.S. Constitution and the Constitution of Ohio, as applied to Plaintiff;

d.  Permanently enjoining Defendants, as well as their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from enforcing the challenged statute;

e.  An Order to ensure that the public has accurate notice of the requirements of the law, and require Defendants to provide public notice of the law as it is written;

f.  An Order requiring Defendants to provide notification, by certified mail, return receipt requested, to all residents who received a letter from the City of Canton regarding purported violations of Ordinance 505.15, that the Ordinance does not bar a per household limit, but rather a per person limit for animals;

g.  A declaratory judgment Declaring the respective rights and duties of the parties under the ordinance in question, that the ordinance is unconstitutional, invalid, and void as applied to plaintiff, or, if the ordinance is found to be valid, it does not apply to plaintiff's above-described activities; and

h.  Grant Plaintiffs preliminary and permanent injunctive relief against the Ordinance as applied to Plaintiff;

i.  Attorney's fees and costs;

j.  Such other relief as may be equitable and just;


Respectfully submitted,

 /s/ Michela Huth
MICHELA HUTH
(OH Reg. No. 0091353)
PO Box 17
Bolivar, OH 44612
Phone:  330-440-4027
Fax:  330-874-4884
Email:  michelahuth.esq@gmail.com

23

*Attorney for Plaintiff*

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
(NY Reg. No. 1637677)
120-82 Queens Blvd.
Kew Gardens, NY 11415
Phone: 718-261-0200
Fax: 718-793-2791
Email: richard@thedoglawyer.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised in this Verified Complaint as set forth in this pleading.

  /s/ Michela Huth
MICHELA HUTH
(OH Reg. No. 0091353)

## TO THE CLERK OF COURTS

Please serve the Defendants by certified U.S. Mail, return receipt requested, at the respective addresses as stated above in the caption.

  /s/ Michela Huth
MICHELA HUTH
(OH Reg. No. 0091353)