## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL T. ROTH, | ) | CASE NO. 5:17-cv-234 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CITY OF CANTON, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff's motion to disqualify the Court pursuant to 28 U.S.C.  §§ 144 and 455. (Doc. No. 7 ("Mot.").) Because plaintiff has simultaneously filed a motion for injunctive relief, the Court will resolve plaintiff's motion to disqualify without the benefit of defendants' opposition. For the reasons that follow, the motion is denied as to the reasons advanced by the plaintiff. However, the Court recuses itself for a completely independent reason pursuant to 28 U.S.C. § 455, because one of the defendants is a close personal friend of the Court's niece.

**A. Background**

The plaintiff in the instant action seeks to prevent the enforcement of City of Canton Ordinance 505.15, which provides in relevant part:

**505.15 KEEPING IN EXCESS OF FIVE DOGS OR CATS; PERMIT AND REGULATIONS.**

(a) No person shall be permitted to own, possess, harbor or keep more than five dogs or cats or any combination thereof in an area zoned residential except that where litters have been born to a residing animal, after they have been weaned, a

four-month grace period shall be granted to permit the distribution of such young animals.

* * *

(e) Any person who violates any provision of this section shall be guilty of a misdemeanor of the third degree.

Plaintiff contends that the ordinance is invalid and unenforceable, as it is being applied to the facts where a person lives in a house with more than one person and the total number of dogs and cats exceeds five, and another person owns, harbors, keeps or possesses some of the same dogs or cats, but neither has more than five.

With respect to the motion to disqualify now before the Court, plaintiff advances three reasons in support: (1) the Court previously disqualified herself in *Hoover v. Stark County Humane Society* (Northern District of Ohio Case No. 5:14-cv-2452); (2) the Court previously recused herself from *Huth v. Hubble* (Northern District of Ohio Case No. 5:14-cv-1215); and (3) a certain resolution of an unrelated state court case pending in the Tuscarawas County Court of Common Pleas—*Huth v. Village of Bolivar* (Case No. 2016 CV 05 0320)—may create a future appearance of impropriety.

According to the caption, the motion is brought pursuant to 28 U.S.C. §§ 144 and 455. Beyond the caption, plaintiff provides no legal analysis or legal authority to support the motion.

**B. Discussion**

"[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.' *United States v. Denton,* 434 F.3d 1104, 1111 (8th Cir. 2006). The burden is not on the judge to prove that he is impartial. *In re McCarthey,* 368 F.3d

1266, 1269 (10th Cir. 2004)." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007).

**1. 28 U.S.C. § 144**

Title 28 U.S.C. § 144, entitled "Bias or prejudice of judge," provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Under § 144, recusal is mandatory once a party submits a timely and sufficient affidavit, and his counsel certifies that the affidavit is made in good faith. *Scott,* 234 F. App'x at 352 (citing *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)). No affidavit or certificate of counsel was filed with the motion.

Plaintiff's § 144 motion is insufficient under the mandatory recusal statute. Accordingly, plaintiff's motion pursuant to § 144 is denied.

**2. 28 U.S.C. § 455**

Plaintiff's motion does not specify whether it is brought pursuant to Section 455(a) or (b), however, the motion only refers to appearances of impropriety found in § 455(a).

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

"The law with regard to recusal under section 455 is straightforward and well-established in the Sixth Circuit. A district court is required to recuse himself only 'if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Wheeler v. Southerland Corp.,* 875 F.2d 1246, 1251 (6th Cir. 1989) (quoting *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir. 1983) (internal citation omitted)). "This standard is objective and is not based 'on the subjective view of a party.'" *Id.* (quoting *Browning v. Foltz,* 837 F.2d 276, 279 (6th Cir. 1988)); s*ee United States v. Nelson,* 922 F.2d 311, 319 (6th Cir. 1990). The judicial officer whose recusal is sought may make the necessary factual findings and rule on the motion for recusal under § 455. *See Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988); *see also Austin v. Austin,* No. 08-13697, 2009 WL 960548, at *1 (E.D. Mich. Apr. 6, 2009) (citing *In re Martinez–Catala,* 129 F.3d 213, 220 (1st Cir. 1997)).

Bias requiring recusal must amount to more than a favorable or unfavorable disposition toward an individual. *Fharmacy Records v. Nassar,* 572 F. Supp. 2d 869, 876 (E.D. Mich. 2008). "Although a judge is obliged to disqualify himself where there is a close question concerning his impartiality, *United States v. Dandy,* 998 F.2d 1344, 1349 (6th Cir. 1993), he has an equally strong duty to sit where disqualification is not required." *United States v. Angelus,* 258 F. App'x 840, 842 (6th Cir. 2007) (citing *Laird v. Tatum,* 409 U.S. 824, 837, 93 S. Ct. 7, 34 L. Ed. 2d 50 (1972) (separate memorandum of Rehnquist, J. (collecting cases)).

4

### Hoover v. Stark County Humane Society

The first basis for plaintiff's motion is related to the Court's recusal from *Hoover v. Stark County Humane Society* (Northern District of Ohio Case No. 5:14-cv-2452). (*Hoover*, Doc. No. 43.) The Court's order in *Hoover* does not state the reason for recusing from that case, but plaintiff asserts in the instant motion that the Court recused "based on her relationship with one of the defendants, as a former member of the Stark County Humane Society." (Mot. at 132.[1]) In the instant motion, plaintiff asserts that his attorney "frequently publicly criticize[s] the Stark County Humane Society on social media[,]" and this ongoing criticism, "when viewed together with Judge Lioi's relationship with the leadership and management of the Stark County Humane Society, by its very nature," will create an appearance of impropriety. (*Id.*)

The Court has not been active with the Stark County Humane Society's board for several years and does not have an ongoing relationship with the Society's leadership and management. Moreover, the Society is not a party in the instant action and, in any event, the undersigned's prior professional relationship with the Society as a board member is inadequate to bias a judge or to create an appearance of impropriety. *See e.g.*, *United States v. Angelus*, 258 F. App'x. 840, 843–44 (6th Cir. 2007) (judge's professional relationship with U.S. Marshals where U.S. Marshal's Office is located in the same building as the federal courthouse and provides protection for the courthouse is insufficient to warrant disqualification pursuant to §§ 455(a) and (b)(1) in case where defendant was indicted for assaulting U.S. Marshal) (collecting cases). Even in cases where a judge has a relationship with a party, which is not the case here, the relationship

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

5

must be personal to warrant recusal. *Id*. ("Where, as here, a judge's relationship with a party is 'merely that of an acquaintance, not an intimate, personal relationship or a relationship in which [the judge] would be obligated [to a party],' recusal is not necessary." (quoting *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), *as amended* (Aug. 11, 1993)).

No reasonable person could conclude that, based upon any past involvement with the Stark County Humane Society and the Court's recusal in *Hoover*, the Court's impartiality might reasonably be questioned in this case. It is plaintiff's burden to overcome the presumption of impartiality, and plaintiff has not advanced any objective evidence of partiality on the part of the Court. Plaintiff's § 455 motion based upon the Court's prior role on the board of the Stark County Humane Society, and recusal from *Hoover*, is denied.

### Huth v. Hubble

The second basis for plaintiff's motion is related to the Court's recusal from *Huth v. Hubble* (Northern District of Ohio Case No. 5:14-cv-1215). (*Huth v. Hubble*, Doc. No. 48.) Plaintiff asserts that *Huth* challenged the settlement in *Lake Region Dev. Co. Ltd v. Village of Bolivar*[2] (Northern District of Ohio Case No. 5:14-cv-133), which case was also before this Court, and the motion implies that the Court recused itself from *Huth* based upon the relationship between those cases. (Mot. at 132-33.) Plaintiff also states that his attorney, Michela Huth, was a plaintiff in *Huth*, and implies that her status as party in the case bore some relationship to the Court's recusal.

---

[2] Plaintiff's motion cites this case as the *Massillon Materials v. Village of Bolivar*. The correct caption is *Lake Region Dev. Co. Ltd v. Village of Bolivar*, and the Court will refer to this case by its correct caption.

This is incorrect. Michela Huth was not added as a party to the *Huth v. Hubble* case until after the Court recused itself from the case. (*See Huth v. Hubble*, Doc. No. 56.) Moreover, the Court denied Huth's motion to recuse, finding no objective bases upon which bias, prejudice, or partiality required the Court to recuse itself pursuant to § 144 or 455. (*Huth v. Hubble*, Doc. No. 48 at 550.) That said, in an abundance of caution and in the interest of judicial economy and achieving a final resolution of that case that would not be subject to challenge regarding any appearance of impropriety, the Court exercised its discretion to recuse itself from *Huth* on a non-precedential basis strictly limited by the unique circumstances of that case. (*Id*. at 551.)

The instant action is entirely unrelated to the *Huth v. Hubble* or the *Lake Region* cases. No reasonable person could conclude that, based upon either of those cases, the Court's impartiality in this case might reasonably be questioned. It is plaintiff's burden to overcome the presumption of impartiality, and plaintiff has not advanced any objective evidence of partiality on the part of the Court. Plaintiff's § 455 motion based upon the Court's recusal from *Huth v. Hubble* is denied.

### *Huth v. Village of Bolivar*

Plaintiff's final basis for recusal is Tuscarawas County Court of Common Pleas Case No. 2016 CV 05 0320—*Huth v. Village of Bolivar*. Plaintiff states that this case challenges the Village of Bolivar's procedures in approving the settlement in the *Lake Region* case, previously before the undersigned. In the *Lake Region* case, plaintiffs sued the Village of Bolivar in connection with the zoning of property and plaintiffs' sand and gravel operation. *Lake Region* was ultimately settled by the parties during a mediation conference conducted by Magistrate Judge Kathleen Burke.

Plaintiff reasons that an unrelated state court action involving parties that are not parties to the instant action requires the Court to recuse from the instant action because:

> If Irvin Huth prevails on his state case, him [sic] and his daughter, Attorney Michela Huth will seek, as intervening parties, to reopen the *Massillon Material* case before Judge Lioi. Attorney Huth will then be a party to that case, which will attack the legality of the settlement and will seek to invalidate the settlement made before Judge Lioi. That re-opened case before Judge Lioi, will mean that Attorney Huth will be a party in a pending case before Judge Lioi, at the same time she is an attorney in this case before Judge Lioi. There is the question of whether Judge Lioi created the situation that was the motivating force behind the illegality of the settlement in *Massillon Materials*, and Judge Lioi, knew or should have known that her actions were a significant factor in the illegality, and the settlement itself is subject to being overturned due to such illegality. As the Village of Bolivar, is placing blame for the illegality directly upon Judge Lioi, her role in the settlement necessarily subjects her to an adversarial proceeding. And in so far as Attorney Huth is challenging what occurred, this similarly creates the appearance of impropriety and a conflict, and requires recusal.

(Mot. at 133.)

The plaintiff in *Huth v. Hubble* made a similar argument in his motion to recuse, incorrectly alleging that the undersigned accepted the *Lake Region* settlement "without a reasonable inquiry," and suggesting "possible misfeasance and complicity" by the Court. (*Huth v. Hubble*, Doc. No. 45 at 487.) In the instant motion, plaintiff, through counsel, raises even more serious allegations against the undersigned, suggesting that this Court was "the motivating force behind the illegality of [a] settlement" and that the Court "knew or should have known that her actions were a significant factor in the illegality[.]" (Mot. at 133.) Even a cursory review of the docket in *Lake Region* reflects that this Court did not mediate the settlement in that case, which the parties reached with the assistance of a magistrate judge. Rather, the Court's role was to approve the jointly requested dismissal of the case in light of the settlement. Plaintiff and counsel

8

in this case are strongly cautioned against raising these and any further unsubstantiated allegations against any judicial officer in the future.[3]

As an initial matter, the undersigned judicial officer did not mediate the settlement in *Lake Region*—the parties reached an agreement following a mediation facilitated by the assigned magistrate judge—and the Court entered the parties' Agreed Order of Dismissal. (*Lake Region*, Doc. No. 18.) Moreover, the Court's actions as a judicial officer in the *Lake Region* case cannot support a basis for recusal in this case. *See Gerber v. Riordan,* Case No. 3:06–CV–1525, 2012 WL 366543, at *8 (N.D. Ohio Jan. 31, 2012) (citing *Reed v. Rhodes,* 179 F.3d 453, 468 (6th Cir. 1999)); *see also United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966) (the alleged bias must emanate from an extrajudicial source).

Moreover, plaintiff's argument regarding an appearance of impropriety is hinged on an unrelated state court case that may or may not be resolved in a certain manner at some unknown time in the future. A judge should not recuse herself based upon unsupported, tenuous speculation. *See Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 353 F. Supp. 2d 1160, 1177 (D. Utah 2005) ("[A]ffidavits under § 144 must do more than suggest potential problems; they must set forth facts which establish actual bias.")[4] (citation omitted).

There is nothing to suggest that in the event that the parties' settlement in *Lake Region* was found to be "unlawful," "illegal," or "unconstitutional" that the Court would not be able to properly adjudicate this case. No reasonable person could conclude that the Court's impartiality

---

[3] In fact, such unsubstantiated attacks on the integrity of a judicial officer are sometimes viewed as a veiled attempt to force recusal by the judge. But courts have held that "a party's attempt to create recusal by affirmative actions counsels *against* recusal, 'less [sic] we encourage tactics designed to force recusal.'" *United States v. Williams*, No. 7:10-17-DCR, 2010 WL 3120189, at *4 (E.D. Ky. Aug. 5, 2010) (quoting *United States v. Bertoli*, 40 F.3d 1384, 1414 (3d Cir. 1994)).

[4] Similar to § 144, § 455(b)(1) requires recusal in cases of personal bias and prejudice.

in this case might reasonably be questioned based on a pending state court action entirely unrelated to this case. It is plaintiff's burden to overcome the presumption of impartiality, and plaintiff has not advanced any objective evidence of partiality on the part of the Court. Plaintiff's § 455 motion based upon Tuscarawas County Court of Common Pleas Case No. 2016 CV 05 0320—*Huth v. Village of Bolivar*, is denied.

**C. Conclusion**

For all of the foregoing reasons, plaintiff's motion for disqualification is denied as to the reasons advanced by the plaintiff. However, the Court recuses itself for a completely independent reason pursuant to 28 U.S.C. § 455, because one of the defendants is a close personal friend of the Court's niece.

.

       **IT IS SO ORDERED**.

Dated: February 8, 2017

                                        _____
                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**