PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL T. ROTH, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 5:17CV0234 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| CITY OF CANTON, OHIO, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) [Resolving ECF Nos. 59, 79, 85, and 89] |

Pending in this putative class action is Plaintiffs' Motion for Class Certification (ECF No. 59). For the reasons set forth in Section V below, the motion is denied without prejudice to refiling at a later date, if necessary.

Also pending is Defendants' Motion for an Indicative Ruling and Motion for Relief From Judgment (ECF No. 79) that asserts newly discovered evidence. The motion is granted for the reasons set forth in Section IV below.

In addition, pending is Plaintiffs' Motion for Leave to File Sur-Reply to Defendants' Motion for an Indicative Ruling and Motion for Relief From Judgment (ECF No. 85). For the reasons set forth in Section II below, the motion is denied.

Finally, pending is Defendants' Motion to Strike Plaintiffs' Supplement (ECF No. 89). The motion is granted for the reasons set forth in Section III below.

(5:17CV0234)

## I.

The Court granted Plaintiffs' Motion for Preliminary and Permanent Injunction (ECF No. 40) and permanently enjoined Defendants City of Canton and Shirley Moore from enforcing Canton Ordinance 505.14, its animal-limit Ordinance. *See* Memorandum of Opinion and Order (ECF No. 75). The Court held that Plaintiff Michael T. Roth and his mother, Plaintiff Julie Roth, had standing to seek injunctive relief on their claim that the Ordinance was unconstitutionally vague not because either had suffered a past injury (hence no claim for damages), but because there was a substantial risk that, in the future, they could be prosecuted under the Ordinance. ECF No. 75 at PageID #: 3250. Defendants filed a Notice of Appeal (ECF No. 76). Case No. 18-4059 is pending in the Sixth Circuit Court of Appeals. On November 20, 2018, Defendants made a timely Motion for an Indicative Ruling and Motion for Relief From Judgment (ECF No. 79).

## II.

Plaintiffs filed a Motion for Leave to File Sur-Reply to Defendants' Motion for an Indicative Ruling and Motion for Relief From Judgment (ECF No. 85). Rather than wait until the motion was ruled upon by the Court, Plaintiffs attached their Sur-Reply (ECF Nos. 85-3 and 85-4[1]) to the motion.

Local Rule 7.1 permits the filing of a motion and memorandum in support, a memorandum in opposition, and a reply memorandum. The primary purpose for allowing the

---

[1] ECF No. 85-4 is an Affidavit of Julie Roth. The very same affidavit is also included in support of the motion. *See* ECF No. 85-2.

(5:17CV0234)

moving party to file a reply memorandum is so it can respond to any new issues raised in the memorandum in opposition -- *i.e.*, allowing the movant to be the first and last to be heard. Allowing Plaintiffs to file a sur-reply, based on the record now established, would frustrate the purpose of allowing the movant to be the first and last to be heard on Defendants' Motion for an Indicative Ruling and Motion for Relief From Judgment (ECF No. 79).

**III.**

Plaintiffs' Supplement (ECF No. 88) was filed on February 25, 2019. Plaintiffs argue that it is necessary because they have "new information from Defendants [that] show[s] that there is a credible threat of enforcement and prosecution against Julie Roth. . . ." ECF No. 88 at PageID #: 3455. However, there is nothing "new" about the information on which they base the filing of their Supplement (ECF No. 88). Defendants' discovery that Plaintiff Julie Roth likely had more than nine dogs or cats was, as Plaintiffs acknowledge, repeated[2] in Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Sur-Reply. *See* ECF No. 86 at PageID #: 3435. So, if Plaintiffs were going to respond, they had a chance to do so in their Reply (ECF No. 87). But, they did not. Therefore, despite Plaintiffs' claim that they are

---

[2] The Affidavit of Mike Preusser (ECF No. 83-3), filed by Defendants on December 28, 2018, provides, in pertinent part:
> 4. On my second visit [in March/April 2018 to perform maintenance on the furnace,] I noticed a large amount of animals in the home [Plaintiff Julie Roth was renting in Canton]. I counted at least 17 cats just on the first floor. Although I did not have a reason to go either in the basement or onto the second floor and therefore was not able to count them, there were more cats; and there were 2 to 3 dogs upstairs. In all, there were a minimum of 20 cats in the home.

3

(5:17CV0234)

responding to "new" information in their Supplement (ECF No. 88), they are doing nothing of the kind.

In addition, Defendants declare they are "not 'actively investigating' [Plaintiff Julie] Roth with the purpose of enforcing [Canton Ordinance 505.14] against her, but rather, to determine if she concealed or misrepresented other facts to the Court." ECF No. 89 at PageID #: 3460.

**IV.**

Defendants ask this Court to indicate whether it would vacate its Memorandum of Opinion and Order (ECF No. 75) because Plaintiffs Michael T. Roth and Julie Roth lacked standing due to their relocation out of Canton months before the Court granted Plaintiffs' Motion for Preliminary and Permanent Injunction (ECF No. 40). In the alternative, Defendants request that this Court indicate that the motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2)(3) or (5) raises a substantial issue if remanded from the Court of Appeals. Whether the Roths lacked standing to pursue injunctive relief once they moved out of Canton is the ultimate issue presented by Defendants' Motion for an Indicative Ruling and Motion for Relief From Judgment (ECF No. 79).

This Court does not possess jurisdiction to vacate its Memorandum of Opinion and Order (ECF No. 75), except to the extent that Fed. R. Civ. P. 62.1 permits. Rule 62.1 allows the district court to issue an indicative ruling on whether it would vacate the prior Order when a ruling is

4

(5:17CV0234)

barred by a pending appeal. Pursuant to the rule,

> (a) RELIEF PENDING APPEAL. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). Advisory Committee notes on Rule 62.1 suggest that "[o]ften it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose." Advisory Committee's Notes (2009). When the district court indicates that it would grant the motion for relief, the court of appeals may remand at its discretion. *See* Fed. R. App. P. 12.1(b). If the court of appeals remands to the district court, the court of appeals retains jurisdiction "unless it expressly dismisses the appeal." *Id.*

On June 26, 2018, while ECF No. 40 was pending, Plaintiff Julie Roth and "all other occupants" were evicted from 1260 Fulton Road NW, Canton, Ohio 44703 -- the address listed in the Fourth Amended Complaint (ECF No. 66) for Plaintiffs Michael T. Roth and Julie Roth. *See* Affidavit of Gino Millin (ECF No. 79-1); Plaintiffs' Memorandum in Opposition (ECF No. 81) at PageID #: 3333; *see also Tenancy LLC v. Roth*, No. 2018-CVG-3235 (Canton Mun. Ct. filed June 4, 2018). This occurred three months before the Court entered its Memorandum of Opinion and Order (ECF No. 75).

"[Plaintiff Julie Roth] currently lives outside of the City of Canton." ECF No. 81 at PageID #: 3326. She moved to 5028 Ridge Avenue SE, which is in Canton Township. Affidavit of John DeMarco (ECF No. 79-2) at ¶ 3; Affidavit of Joel Simpson (ECF No. 79-5) at ¶ 5. In

5

(5:17CV0234)

addition, Plaintiff Michael T. Roth ended up going to the Louis Stokes Cleveland VA Medical Center in Cleveland, Ohio. ECF No. 81 at PageID #: 3335. Therefore, the Roths have lacked residency in the city of Canton since June 2018.

The mootness requirement ensures that the plaintiff's stake in the outcome of the case remains personal. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). It is always the case that "[t]he heavy burden of demonstrating mootness rests on the party claiming mootness." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 531 (6th Cir. 2001). An action to enjoin an alleged unconstitutional ordinance becomes moot if the plaintiff no longer lives in the jurisdiction. In *Cooley v. Granholm*, 291 F.3d 880 (6th Cir. 2002), the Sixth Circuit vacated the judgment of the district court. It held that a constitutional challenge by two doctors to Michigan's anti-euthanasia statute was moot when one retired and the other moved out of state with the intention to return to Michigan to practice medicine sometime in the future if he could find a suitable job. The Court of Appeals stated:

> With respect to mootness, the current situations in which the doctors find themselves -- neither practices medicine in Michigan any longer -- means that the case has completely lost "its character as a present live controversy of the kind that must exist if [the Court is] to avoid advisory opinions on abstract propositions of law," *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969). They have no "legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Id.* at 883 (brackets in original).

In the case at bar, Plaintiffs argue that Julie Roth "clearly" has a "concrete interest in the outcome of her case" because she has a "strong property interest" in the property from which she

6

(5:17CV0234)

was evicted[3] and because she is "actively seeking rentals in the City of Canton."[4] ECF No. 81 at PageID #: 3337-38; *see also* Affidavit of Julie Roth (ECF No. 81-8). The Court agrees with Defendants that "[t]here is no meaningful distinction between *Cooley* and this case." Defendants' Reply Memorandum (ECF No. 83) at PageID #: 3376. Plaintiffs Michael T. Roth and Julie Roth's lack of residency in Canton rendered their claim moot.

In addition, Plaintiff Julie Roth admits to facts showing that she lacked standing to challenge Canton Ordinance 505.14 on vagueness grounds. Her intent to move back to Canton to live alone with seven dogs and two cats is conduct that, she admits, "clearly violates the Ordinances."[5] And because her conduct "clearly violates the Ordinances," she has no standing to challenge how Canton Ordinance 505.14 might be unconstitutional as it applies to others. With Plaintiff Michael T. Roth not living in the city of Canton, there can be no dispute that Julie Roth

---

[3] Ten days after Defendants filed their Motion for an Indicative Ruling and Motion for Relief From Judgment (ECF No. 79), Julie Roth filed a complaint in state court seeking to quiet title in her name to the property located at 1260 Fulton Road NW, Canton, Ohio 44703. *See* Roth v. DeMarco, No. 2018CV02330 (Stark Cty. Common Pleas filed Nov. 30, 2018). On February 15, 2019, Julie Roth voluntarily dismissed the case.

[4] Even though four months have passed since this declarative sentence was written -- that Plaintiff Julie Roth is "actively seeking rentals in the City of Canton" -- the Court has yet to be advised that she is again a resident of the city of Canton. Moreover, this statement is contradicted by Julie Roth's February 2018 deposition testimony that she planned to move out of state and live with family when her lease expired. *See* Excerpt of Deposition of Julie Roth (ECF No. 83-2) at PageID #: 3386, Pages 16-17.

[5] 306. Plaintiffs acknowledge that Ordinance 505.14 is not facially vague, because *a person living alone*, who owns six dogs or cats, or a combination thereof, clearly violates the Ordinances.

Fourth Amended Complaint (ECF No. 66) at PageID #: 2573 (emphasis in original).

(5:17CV0234)

lacked standing to challenge Canton Ordinance 505.14 as it applies to others -- even if her claims were not moot in the first place. *See Parker v. Levy*, 417 U.S. 733, 756 (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness."); *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982) ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

## V.

On March 5, 2018, Plaintiffs filed a Motion for Class Certification (ECF No. 59). The proposed Classes are defined as follows:

> Class I: All persons who live in the City of Canton who own dogs or cats, or a combination;
>
> Class II: All persons who feed stray dogs or cats in the City of Canton;
>
> Class III: All persons who live in the City of Canton with stray cats on that property.

Plaintiffs' Supplement to Brief in Support of Motion for Class Certification (ECF No. 68-1) is deemed filed as of June 5, 2018. On June 14, 2018, Defendants filed their memorandum in opposition (ECF No. 71). On July 5, 2018, Plaintiffs filed a reply memorandum in support of their Motion for Class Certification (ECF No. 73).

Given the within ruling on Defendants' Motion for an Indicative Ruling and Motion for Relief From Judgment (ECF No. 79), Plaintiffs' Motion for Class Certification (ECF No. 59) is denied without prejudice to refiling, if the Court of Appeals does not remand for this Court to grant Defendants' Motion for Relief From Judgment.

(5:17CV0234)

**VI.**

Plaintiffs' Motion for Class Certification (ECF No. 59) is denied without prejudice and may be resubmitted if the Court of Appeals does not remand for this Court to grant Defendants' Motion for Relief From Judgment.

Defendants' Motion for an Indicative Ruling (ECF No. 79) is granted. The Court indicates and hereby certifies under Fed. R. Civ. P. 62.1 that upon remand from the Sixth Circuit it would:

> grant Defendants' Motion for Relief From Judgment and
>
> issue an order vacating the Court's September 28, 2018 Memorandum of Opinion and Order (ECF No. 75).

Defendants shall promptly notify the Clerk of the United States Court of Appeals for the Sixth Circuit pursuant to Fed. R. App. P. 12.1(a) of the Court's within indicative ruling. Fed. R. Civ. P. 62.1(b).

Plaintiffs' Motion for Leave to File Sur-Reply to Defendants' Motion for an Indicative Ruling and Motion for Relief From Judgment (ECF No. 85) is denied.

Defendants' Motion to Strike Plaintiffs' Supplement (ECF No. 89) is granted. Plaintiffs' Supplement to Their Opposition to Defendants' Motion to Vacate (ECF No. 88) is stricken from the file pursuant to Fed. R. Civ. P. 12(f).

IT IS SO ORDERED.

|   March 26, 2019   |   */s/ Benita Y. Pearson*   |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |